UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. _____

MARKETSOURCE, INC.,

                    Plaintiff,

v.

ROBERTO FERNANDEZ,
As Personal Representative of the
Estate of Robert D. Prohias Valle,

                    Defendant.

## COMPLAINT

Plaintiff MarketSource, Inc. ("MarketSource"), by and through its undersigned counsel, for its Complaint against Roberto Fernandez ("Defendant"), as Personal Representative of the Estate of Robert D. Prohias Valle (the "Prohias Estate"), seeks a declaration of the parties' rights under a written Mutual Arbitration Agreement between MarketSource and its former employee Robert D. Prohias Valle ("Prohias"), who is now deceased.  Specifically, MarketSource seeks a declaration that Prohias contractually waived any right the Prohias Estate, or the Defendant, as personal representative of the Estate, may have had to initiate and/or maintain an arbitration proceeding asserting employment-related claims Prohias may have had against MarketSource.

## PARTIES

1.      MarketSource is a Maryland corporation with its principal places of business in Alpharetta, Georgia and Hanover, Maryland.

2.      Prior to his death, Prohias was a resident of Miami-Dade County, Florida.

3.      Defendant is the personal representative of the Prohias Estate and, upon information and belief, is a resident of Miami-Dade County, Florida.

## JURISDICTION AND VENUE

4.      This is an action for a declaratory judgment under the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, and Rule 57 of the Federal Rules of Civil Procedure.

5.      This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332, as it concerns a controversy between citizens of different states, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

6.      Venue is proper in this Court under 28 U.S.C. § 1391(b).

## FACTUAL BACKGROUND

7.      MarketSource employed Prohias from on or about July 7, 2016, to on or about October 10, 2017.

8.      On June 28, 2016, Prohias completed MarketSource's pre-employment paperwork, which included the Mutual Arbitration Agreement (hereinafter "Agreement"), a copy of which is attached hereto and made a part hereof as **Exhibit A**.

9.      Under the Agreement, MarketSource and Prohias agreed that all claims one may have against the other, including but not limited to discrimination claims, retaliation claims, and wage claims, would be resolved by arbitration.  Ex. A, p. 1.

10.     The Agreement provides that "[a]ll claims must be brought in a party's individual capacity."  Ex. A, p. 1.

11.     The Agreement provides that no claims "may be initiated or maintained on a  . . . representative action basis either in court or arbitration."  Ex. A, p. 1.

2

12.    The Agreement provides that "a court of competent jurisdiction, not an arbitrator, must resolve issues concerning the enforceability or validity of . . . the representative action waiver." Ex. A, p. 1.

13.    The Agreement provides that "[t]he parties will use Judicial Arbitration and Mediation Services ('JAMS') subject to its then-current employment arbitration rules and procedures." Ex. A, p. 1.

14.    On May 22, 2018, Prohias served MarketSource with a Demand for Arbitration.

15.    On August 9, 2018, Prohias filed the Demand for Arbitration with JAMS.

16.    JAMS commenced the arbitration proceeding (Ref. No. 1460004989) on October 4, 2018, and on October 16, 2018 it appointed the Honorable Mercedes Armas Bach (retired) to be the Arbitrator.

17.    During the arbitration proceeding, Prohias filed a series of statements of his claims, culminating with a Second Amended Statement of Claims filed on April 22, 2019, which asserted claims of discrimination and retaliation under Title VII, the Americans with Disabilities Act, and state law, as well as a claim for unpaid overtime under the Fair Labor Standards Act and state law.

18.    Prohias died on November 28, 2020, before a final arbitration hearing was held.

19.    On April 14, 2021, a probate action was filed with respect to the Prohias Estate in the Circuit Court of Miami-Dade County, Florida (Case No. 2021-001843-CP-02).

20.    On April 26, 2021, the Honorable Spencer Eig of the Circuit Court of Miami-Dade County, Florida entered an order appointing Defendant as the personal representative of the Prohias Estate.

21.    On June 28, 2021, MarketSource raised with Defendant and JAMS the issue of whether Prohias, in the Agreement, waived the right of anyone other than Prohias, such as the

Prohias Estate or the personal representative of the Prohias Estate, to maintain the claims Prohias asserted in the arbitration proceeding.

22.     It is the position of MarketSource that in the Agreement Prohias waived the right of anyone other than Prohias to maintain the claims asserted in the Arbitration against MarketSource.

23.     MarketSource stated that unless Defendant agreed that Prohias's waiver barred Defendant from pursuing said claims, MarketSource would seek from this Court a declaratory judgment on the issue.

24.     Defendant disputed that Prohias waived the ability of the Defendant to pursue the claims against MarketSource.

25.     The Defendant took the position in the Arbitration that the Defendant was permitted to continue to pursue the claims asserted by Prohias against MarketSource in the Arbitration.

26.     MarketSource stated that it would ask the Arbitrator, Judge Bach, to stay the arbitration proceeding pending this Court's ruling on the waiver issue.

27.     On July 26, 2021, Judge Bach heard argument on the issue of whether the Arbitrator or this Court must decide the waiver issue and, if the Court, then whether the arbitration proceeding should be stayed pending the Court's ruling.

28.     On August 16, 2021, Judge Bach stayed the JAMS arbitration proceeding pending this Court's resolution of the present declaratory judgment action.

29.     MarketSource has retained the undersigned counsel to represent it in this matter, has agreed to pay its counsel reasonable attorneys' fees.

30.     All conditions precedent to the bringing of this action have been performed, have occurred, or have been waived.

## COUNT I

31.     MarketSource incorporates by reference the allegations contained in Paragraphs 1–30 of the Complaint as if separately set forth herein.

32.     The Agreement provides that "[a]ll claims must be brought in a party's individual capacity."  Ex. A, p. 1.

33.     Prohias is no longer able to pursue claims in his "individual capacity," as required by the Agreement because he is deceased.

34.     Defendant is the admitted "personal representative" of the Prohias Estate.

35.     To the extent Defendant seeks to maintain or pursue the claims Prohias asserted in the JAMS arbitration proceeding, he does so not in Prohias's "individual capacity," which would be impossible, but rather in a representative capacity.

36.     Under the Agreement, Prohias waived the right of anyone to maintain or pursue claims in a representative capacity when Prohias agreed that "[n]o Covered Claims may be initiated or maintained on a . . . representative action basis either in court or arbitration."  Ex. A, p. 1.

37.     Any action by Defendant to pursue the claims against MarketSource is barred by the agreement of Prohias in the Agreement.

38.     Defendant disputes that the provisions in the Agreement regarding the pursuing of claims only in an "individual capacity" and not as part of a "representative action" prevents Defendant from continuing to pursue the claims in the Arbitration against MarketSource.

39.     An actual dispute exists between MarketSource and the Defendant regarding the applicability, enforceability, and/or validity of these provisions in the Agreement.

40.     MarketSource will suffer actual injury if it is required to defend against claims asserted in an Arbitration by a party prohibited from pursuing such claims.

41.     MarketSource seeks a declaration from this Court that under the Agreement, the Defendant may not pursue this claim as a personal representative due to the prohibition in the Agreement of a representative action.

42.     MarketSource is suffering a definite, concrete injury due to the actions of the Defendant in pursuing this claim, which is a substantial continuing controversy between MarketSource and the Defendant.

43.     If the Defendant is not prevented from continuing this Arbitration, which is contractually barred, the injury suffered by MarketSource will continue into the future.

WHEREFORE, MarketSource requests that the Court enter a judgment declaring that under the Agreement, Defendant, as the personal representative of the Prohias Estate, may not maintain or pursue the claims Prohias asserted in the JAMS arbitration proceeding, together with granting such other and further relief as to this Court appears just and proper.

Respectfully submitted,

/s/ *Seth P. Robert*
Seth P. Robert
Florida Bar No. 145696
Connis O. Brown, III
Florida Bar No. 641960
**BROWN ROBERT, LLP**
150 North Federal Highway, Suite 200
Fort Lauderdale, FL 33301
Telephone:  954.832.9400
Facsimile:  954.832.9430
E-mail: srobert@brownrobert.com
E-mail: cbrown@brownrobert.com

6

and

William E. Corum (*to be admitted pro hac vice*)
HUSCH BLACKWELL LLP
4801 Main St., Ste. 1000
Kansas City, MO 64112
Telephone: 816.983.8000
E-mail: william.corum@huschblackwell.com

## CERTIFICATE OF SERVICE

I certify that, on September 6, 2021, I served the foregoing document via email on the

following counsel of record:

> J. Freddy Perera, Esq.
> Rayda Aleman, Esq.
> PERERA BARNHART, P.A.
> 12555 Orange Drive, Second Floor
> Davie, FL 33330
> E-mail: freddy@pererabarnhart.com
> E-mail: rayda@pba-law.com


/s/  Seth P. Robert
Seth P. Robert